VENABLE LLP
Angel A. Garganta (163957)
agarganta@venable.com
Jessica L. Grant (178138)
jgrant@venable.com
Gregory S. Berlin (316289)
gsberlin@venable.com
Yuhan Chi (324072)
achi@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:    415.653.3755

Attorneys for Defendant
PREMIER NUTRITION CORPORATION

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BLAND, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>PREMIER NUTRITION CORPORATION; and DOES 1-25, inclusive,<br><br>　　　　　　　Defendant. | Case No.<br><br>[Alameda County Superior Court Case No. RG 19002714]<br><br>Assigned to:　Hon. JudgeName, Dept. JudgeDept<br><br>**DEFENDANT PREMIER NUTRITION CORPORATION'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**CLASS ACTION**<br><br>Action Filed:　January 15, 2019<br>Removal:　　　February 19, 2019 |

NOTICE OF REMOVAL

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

TO THE CLERK OF THE ABOVE-TITLED COURT:

PLEASE TAKE NOTICE that Defendant Premier Nutrition Corporation ("Premier"), by and through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California for the County of Alameda, in which it is now pending, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, on the grounds that federal jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Pursuant to 28 U.S.C. § 1446(a), set forth below is a statement of the grounds for removal, and attached hereto as Exs. 1 and 2 are copies of all process, pleadings, and orders served to date in this case.

**I.    PROCEDURAL HISTORY**

1. On January 15, 2019, Plaintiff Patricia Bland ("Plaintiff"), individually and on behalf of all others similarly situated, filed this action, captioned *Patricia Bland v. Premier Nutrition Corporation and Does 1-25*, Civ. Action No. RG 19002714, in the Superior Court of the State of California for the County of Alameda Northern Division (the "Action"). True and correct copies of Plaintiff's Summons and Complaint for Damages and Equitable Relief (the "Complaint") and Civil Case Cover Sheet are attached hereto as Ex. 1.

2. Service of the Summons and Complaint was completed on January 17, 2019, when the registered agent for service of process for Premier received service of Plaintiff's Summons and Complaint. *See* Proof of Service of Summons, Ex. 2 hereto.

3. The Complaint alleges a variety of claims against Premier arising out of its marketing and sale of its "Joint Juice" products (hereinafter the "Products"). *See* Compl., Ex. 1 hereto, at ¶¶ 1-2. Specifically, Plaintiff alleges that Premier falsely advertises the health benefits of the Products. *See id.* Based on these allegations, Plaintiff asserts claims for alleged violations of California's Unfair Competition Law ("UCL"), Consumer Legal Remedies Act ("CLRA"), and unjust enrichment. *See id.* at ¶¶ 77-105.

4. The Complaint seeks relief on behalf of "[a]ll persons who purchased in California any Joint Juice product between June 21, 2016 and the date notice is disseminated." *See* Compl.,

1
NOTICE OF REMOVAL

1  Ex. 1 hereto, at ¶ 66.  Specifically, the Complaint seeks: (i) actual damages; (ii) punitive
2  damages; (iii) restitution and disgorgement of profits; (iv) declaratory and injunctive relief; (v)
3  order of corrective advertising; and (vi) attorney's costs and fees.  *Id.* at 26-27, Request for
4  Relief.

5      5.    This Action is based on identical allegations made in ten other actions that were
6  related to each other and are currently pending in the United States District Court, Northern
7  District of California.[1]

8      6.    Premier has not filed an Answer or other responsive pleading to the Complaint,
9  and the Parties have not issued or commenced discovery in this Action.

10  **II.     GROUNDS FOR REMOVAL**

11      7.    Plaintiff's claims are removable because the Class Action Fairness Act ("CAFA")
12  provides this Court with jurisdiction.  *See* 28 U.S.C. §§ 1332(d), 1453.  CAFA extends federal
13  jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state
14  different from any defendant (i.e., minimal diversity exists); (2) the putative class consists of
15  more than 100 members; and (3) the amount in controversy is $5 million or more, aggregating all
16  claims and exclusive of interests and costs.  *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B).[2]  Each
17  of these requirements is readily met here.  *See* disc. *infra* at 2-5.

18      **A.**    **Minimal Diversity**

19      8.    At least one class member and one defendant are citizens of different states.
20  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 578 n.6 (2004) ("We understand
21  'minimal diversity' to mean the existence of at least one party who is diverse in citizenship from

---

[1] *See Spencer v. Premier Nutrition Corporation*, 16-cv-07090-RS; *Sandoval v. Premier Nutrition Corporation*, 16-cv-06708-RS; *Lux v. Premier Nutrition Corporation*, 16-cv-06703-RS; *Caiazzo v. Premier Nutrition Corporation*, 16-cv-06685-RS; *Dent v. Premier Nutrition Corporation*, 16-cv-06721-RS; *Simmons v. Premier Nutrition Corporation*, 16-cv-07078-RS; *Ravinsky v. Premier Nutrition Corporation*, 16-cv-06704-RS; *Taylor v. Premier Nutrition Corporation*, 16-cv-07097-RS; *Schupp v. Premier Nutrition Corporation*, 17-cv-00054-RS; *Fishon v. Premier Nutrition Corporation*, 16-cv-06980-RS.  Each of these ten pending actions are also related to *Mullins v. Premier Nutrition Corporation f/k/a Joint Juice, Inc.*, 16-cv-01271-RS, which is now pending in the Ninth Circuit.  *See Sonner v. Premier Nutrition Corporation f/k/a Joint Juice, Inc.*, 18-15890 (9th Cir.).

[2] A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure."  *See* 28 U.S.C. § 1332(d)(1)(B).

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

one party on the other side of the case, even though the extraconstitutional 'complete diversity' required by our cases is lacking."). Premier is a citizen of Delaware and California, because it is incorporated in Delaware and is headquartered in Emeryville, California. *See* Compl., Ex. 1 hereto, at ¶ 8; *See* 28 U.S.C. § 1332(c)(1) (deeming the citizenship of a corporation to be where "it has been incorporated and . . . where it has its principal place of business."); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (concluding that the "principal place of business" is the "nerve center . . . where the corporation maintains its headquarters"); *See* Davenport Decl., Ex. 3 hereto, at ¶ 3.

9. While the named Plaintiff Patricia Bland alleges that she is a California citizen, the purported class definition is not limited to California citizens. *See* Compl., Ex. 1 hereto, at ¶ 7. The Plaintiff defines her class as "*[a]ll persons who purchased* in California any Joint Juice product between June 21, 2016 and the date notice is disseminated." *See* Compl., Ex. 1 hereto, at ¶ 66 (emphasis added). Plaintiff's class definition does not restrict the class to California citizens nor California residents. *See id*. This Court has held that substantially identical class definitions support the existence of minimal diversity. *See, e.g.*, *King v. Safeway, Inc.*, C-08-0999 MC, 2008 WL 1808545, at *1 (N.D. Cal. April 22, 2008) (holding that a class defined as "'[a]ll persons in the State of California who purchased [the products at issue] from [the defendant] . . .' is *not* a class limited to California citizens.") (emphasis added); *Labrado v. Method Prods.*, 16-cv-05905-LB, 2016 WL 6947337, at *4 (N.D. Cal. Nov. 28, 2016) (concluding that the class was not limited to California citizens where Plaintiff defined the class as "all persons in the State of California who, [within the class period], purchased Defendant's Products."); *Turner v. Corinthian Int'l Parking Servs., Inc.*, C 15-03495 SBA, 2015 WL 7768841, at *2-3 (N.D. Cal. Dec. 03, 2015) (finding that a proposed class of "California-based employees who were or are employed by Defendant [] in the state of California" does not explicitly limit class members to California citizens only, thus denying Plaintiff's motion to remand.).

10. Importantly, plaintiffs may not "amend their complaint, after a case has been removed to federal court, to change the definition of the class so as to eliminate minimal diversity and thereby divest the federal court of jurisdiction." *Broadway Grill, Inc. v. Visa, Inc.*, 856 F.3d

3
NOTICE OF REMOVAL

1274, 1275 (9th Cir. 2017). To allow such amendment would be contrary to the legislative history of CAFA, which "specifically note[s] that . . . if minimal diversity exists at the time of removal, jurisdiction could not be divested, even if the situation changed as a result of a later event, 'whether beyond the plaintiff's control or the result of his volition.'" *Id.* at 1278-79.

11.     However, out of an abundance of caution, Premier submits the Declaration of Darcy Horn Davenport attesting to facts showing that it is more probable than not that at least one potential class member exists that is not a citizen of California. *See* Davenport Decl., Ex. 3 hereto, at ¶ 8. Premier sells the Products to retailers in California which are close to the borders of other states and/or countries. *See id.*; *see also King*, 2008 WL 1808545, at *1 (finding persuasive that a purported class of "all persons in the State of California who purchased" defendant's products to include non-California citizens where defendant has stores "in California which are close to, or encroach upon, the borders of other states.") (internal citations omitted). Thus, it is more probable than not that at least one class member exists who was a "person[] who purchased in California any Joint Juice product between June 21, 2016 and the date notice is disseminated," but who was not a California citizen. *See id.*; Compl., Ex. 1 hereto, at ¶ 66. Consequently, minimal diversity exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

### B.     Number of Class Members

12.     Plaintiff brings this case on behalf of "[a]ll persons who purchased in California any Joint Juice product between June 21, 2016 and the date notice is disseminated." *See* Compl., Ex. 1 hereto, at ¶ 66. In addition, Plaintiff alleges that the number of Class members is "believed to be in the thousands." Compl., Ex. 1 hereto, at ¶ 69. Therefore, CAFA's requirement that the putative class consists of more than 100 members is readily satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### C.     Amount in Controversy

13.     The amount in controversy is at least $6,095,264.61, and thus exceeds the $5 million CAFA jurisdictional threshold. Davenport Decl., Ex. 3 hereto, at ¶ 5-6. The Plaintiff has pled that she seeks injunctive relief as well as actual and punitive damages, and requests that Premier disgorge "all monies acquired . . . by means of any act or practice declared by this Court

4

to be wrongful." Compl., Ex. 1 hereto, at 26-27, Request for Relief.  In addition, Plaintiff's demand letter requests that Premier "offer to refund the purchase price to all California consumer purchasers of Joint Juice, plus provide reimbursement of interest, costs, and fees."  Compl., Ex. 1 hereto, at Ex. A ("Demand Letter").

14. Premier sold more than $5 million worth of Products during the Class Period.[3] Specifically, Premier estimates that its total sales of Products in California from June 21, 2016 to present (the alleged class period) totaled at least $6,095,264.61.  Davenport Decl., Ex. 3 hereto, at ¶ 6.  Accordingly, the total of retail purchase prices paid by consumers likely exceed that amount, due to retailer markups.  *Id*.  Thus, the amount in controversy exceeds the $5 million statutory requirement.  *See* 28 U.S.C. § 1332(d)(2).

15. Plaintiff bears the burden of showing that an exception to CAFA jurisdiction applies.  *See, e.g.*, *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007).  No such exception, however, applies here.  *See id*. at 1022-23.

### III.   THIS NOTICE IS TIMELY FILED

16. 28 U.S.C. § 1446(b) identifies two thirty-day periods for removing an action if removability can be ascertained from the pleadings or other papers: (1) the first is triggered if the "case stated by the initial pleading is removable on its face;" and (2) the second is triggered if the "initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained."  *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (citations omitted).

17. However, the Ninth Circuit has held that "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin."  *Kuxhausen*, 707 F.3d at 1139 (citation omitted).  If a pleading is "'indeterminate' in the sense that the face of the complaint does not make clear whether the required jurisdictional elements [for removal] are present," including under CAFA, the first thirty-day removal period

---

[3] Premier, of course, denies any liability to Plaintiff and the putative Class and further denies that they have incurred any recoverable damages.

under § 1446(b)(1) is never triggered.  *See id*. (citation omitted).

18.   Importantly, where, as here, a complaint is not removable on its face and the defendant removes under CAFA based on its own information, the case may be removed at any time.  *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (holding that "[w]e conclude that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines."); *see also id*. at 1126.

19.   Here, the Complaint demands actual and punitive damages, restitution and disgorgement of profits, declaratory and injunctive relief, and award of attorney's fees and costs.  *See* Compl., Ex. 1 hereto, at 26-27, Request for Relief.  Moreover, the Demand Letter seeks a refund of the purchase prices paid by all purported class members.  *See* Compl., Ex. 1 hereto, at Ex. A.  Neither the Complaint nor the Demand Letter, however, explicitly allege an amount in controversy.  *See generally* Compl., Ex. 1 hereto.  In addition, Premier has not received any other pleading or paper from which the amount in controversy can be ascertained.  Premier thus files this Notice of Removal based on its own information and investigation.  Davenport Decl., Ex. 3 hereto, at ¶ 5-6.  As such, neither of the thirty-day removal periods under § 1146(b) have been triggered, and Premier's Notice of Removal is timely filed.  *Roth*, 720 F.3d at 1125; *Kuxhausen*, 707 F.3d at 1139, 1141-42.

### IV.   ALL OTHER STATUTORY REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

20.   This Notice of Removal is properly filed in the United States District Court for the Northern District of California, because the Superior Court of the State of California for the County of Alameda is located in this judicial district.  *See* 28 U.S.C. § 1441(a).

21.   This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1446(a).

22.   Consent to federal jurisdiction is not necessary given that the basis for federal jurisdiction is CAFA.  *See* 28 U.S.C. § 1453(b).  ("A class action may be removed to a district court of the United States in accordance with section 1446 . . . except that such action may be

removed by any defendant without the consent of all defendants.").

23. No previous application has been made for the relief requested herein.

24. Pursuant to Local Rule 3-12, Premier will file an Administrative Motion to Consider Whether Cases Should be Related in the lowest-numbered case that is related to the Action, *Mullins v. Premier Nutrition Corporation f/k/a Joint Juice, Inc.*, Case No. 3:13-cv-01271-RS.

25. Pursuant to 28 U.S.C. § 1446(a), a copy of all processes, pleadings and orders served upon Premier in this action, which include the Complaint and Summons, are attached. *See* Exs. 1 and 2 hereto.

26. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly served on the Plaintiff and promptly filed with the clerk of the Superior Court of the State of California for the County of Alameda.

27. No admission of fact, law, or liability is intended by this Notice of Removal, and Premier expressly reserves all defenses, counterclaims, and motions otherwise available to it.

## V.   CONCLUSION

For the foregoing reasons, Premier respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Superior Court of the State of California for the County of Alameda. Premier further requests such other and further relief as the Court deems appropriate.

Dated: February 19, 2019

VENABLE LLP

By:   /s/ Angel A. Garganta
         Angel A. Garganta

Attorneys for Defendant
PREMIER NUTRITION CORPORATION